IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

```
MAURICE SEYMORE,               )
                               )
              Plaintiff,       )          9:06 CV 1010
                               )
         v.                    )
                               )
ANNE JOSLYN and RONALD         )          MEMORANDUM AND ORDER
LANAUX,                        )
                               )
              Defendants.      )
_____)
```

## I. INTRODUCTION

This matter is before the Court on defendants' motion for summary judgment (Filing No. 35.)  Upon review of the motion, the local rule 7.1(a)(3) statements, the memoranda and evidentiary submissions of the parties, and the applicable law, the Court finds that the motion should be granted in part and denied in part.

## II. BACKGROUND

Maurice Seymore, an inmate in the custody of the State of New York Department of Correctional Services ("DOCS"), alleges in this case that Ronald Lanaux, a corrections counselor at Mid-State Correctional Facility ("Mid-State"), made inappropriate sexual comments to him in June and October of 2005.  Seymore states that during his attendance of the Chemical Dependency Sex Offender Program ("CDSOP"), Lanaux insisted that Seymore sit at the front of the classroom so Lanaux could watch him all day. Seymore also attests that at some point in October, 2005, Lanaux

told him that he wanted Seymore to "do to him what he did to his victim." Seymore is serving a sentence for rape. He filed grievances against Lanaux regarding this conduct on January 3 and 4, 2006.

The superintendent assigned the review of Seymore's grievance, and the corresponding investigation, to defendant Anne Joslyn, Lanaux's supervisor. On January 5, 2006, Seymore was ejected from the CDSOP program and moved out of his housing unit. On January 10, 2006, Joslyn met with Seymore regarding the grievance. Joslyn also interviewed Lanaux. On January 17, 2006, Seymore was also interviewed about his grievance by senior counselor Allen. Granting the benefit of reasonable inferences to Seymore, on January 26, 2006, upon completion of her investigation, Joslyn filed an inmate misbehavior report stating in part that Seymore's grievance

> was a blatant attempt by inmate
> Seymour [sic] to misuse the
> grievance process in an attempt to
> harass, intimidate, and humiliate
> the employee named in the
> grievance. Inmate Seymour [sic]
> committed to writing a fabricated
> story using the acts committed
> against his own victim as the
> foundation for the lie in an
> attempt to harass, intimidate, and
> humiliate the DOCS employee through
> fabrication of absurd allegations
> of sexual behavior. Inmate Seymour
> [sic] attempted to fantasize about
> a personal relationship with a DOCS
> employee using the offense he is
> under custody for as the basis.

(Filing No. 38, at 25.)   On January 27, 2006, Seymore filed a grievance against Joslyn, based in part on the misbehavior report.   On January 30, 2006, Seymore was transferred from Mid-State Correctional Facility to Marcy Correctional Facility. Defendants argue that the movement had nothing to do with Seymore's allegations against Lanaux "but was a combination of his request and the routine application of DOCS policy to allow for the movement of other inmates into Mid-State Correctional Facilty and the CDSOP."   (Filing No. 35-3.)

### III. SUMMARY JUDGMENT STANDARD

On a motion for summary judgment, all reasonable factual inferences must be drawn in favor of the non-moving party.   *See, e.g.*, *Savino v. City of New York*, 331 F.3d 63, 71 (2d Cir. 2003)(citing *Anderson v. Liberty Lobby,* 477 U.S. 242, 255 (1986)).   However, to survive a motion for summary judgment, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'"   *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis omitted) (quoting Fed. R. Civ. P. 56(e)). "Conclusory allegations, conjecture, and speculation . . . are insufficient to create a genuine issue of fact."   *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998) (citation omitted). Thus, "statements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported

-3-

motion for summary judgment." *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999) (citations omitted).

"In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." *Vann v. City of New York,* 72 F.3d 1040, 1048 (2d Cir. 1995) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986)). A party "moving for summary judgment must prevail if the [non-movant] fails to come forward with enough evidence to create a genuine factual issue to be tried with respect to an element essential to its case." *Allen v. Cuomo,* 100 F.3d 253, 258 (2d Cir. 1996)(citing *Anderson,* 477 U.S. at 247-48).

IV. DISCUSSION

A. Section 1983

Seymore brings this action pursuant to 42 U.S.C. § 1983. In order to prevail on his claims, Seymore must present evidence sufficient to allow a reasonable jury to conclude that conduct by a person acting under color of state law proximately caused a deprivation of his federally protected rights. *See* § 1983. However, there is no question that when Seymore alleges conduct by prison staff, he is complaining of conduct by persons acting under color of state law. A key issue in this case is whether that conduct deprived him of any federally protected rights.

-4-

B. Sexual Harassment Claim - Eighth Amendment

        Seymore claims that Lanaux sexually harassed him by staring at him and stating that he wanted Seymore to do to him what he did to his victim.  This claim is properly analyzed under the Eighth Amendment.  The Amendment prohibits the infliction of "cruel and unusual punishments" and is applicable to the states by incorporation into the Due Process Clause of the Fourteenth Amendment.  U.S. Const. amends. VIII, XIV; *See Robinson v. California*, 370 U.S. 660, 666-67 (1962).  To prove a violation of the Eighth Amendment, Seymore must satisfy both objective and subjective inquiries.  *See Trammell v. Keane*, 338 F.3d 155, 161 (2d Cir. 2003).

        Seymore must make a showing sufficient to establish a genuine issue of fact that "the deprivation alleged is 'objectively sufficiently serious' such that [he] was denied 'the minimal civilized measure of life's necessities . . . .'" *Trammell*, 338 F.3d at 161.  Viewing the facts in the light most favorable to Seymore, Lanaux stared at him repeatedly for long periods of time and stated that he would like to engage in homosexual sex with him.  This does not rise to the level of a constitutional violation.  Sexual harassment may violate the Eighth Amendment only if the harm is "objectively, sufficiently serious." *Boddie v. Schneider*, 105 F.3d 857, 861 (2d Cir. 1997).  For example, in *Boddie*, the inmate was "verbally harassed, touched, and pressed against without his consent." *Id.*  Despite

-5-

the verbal harassment and physical contact, which the United States Court of Appeals for the Second Circuit characterized as "despicable" and "potentially . . . the basis of state tort actions," Boddie failed to state a claim because the case did not involve a harm of federal constitutional proportions. *Id.* Here, Seymore alleges at most an amorous proposition, and no physical contact whatsoever. As a matter of law, this is insufficient to state a constitutional violation. This claim will be dismissed.

C. Procedural Due Process Claim - Fourteenth Amendment

Seymore alleges a violation of his procedural due process rights. (*See* Filing 1, at 8.) He states two grounds for this claim. First, Seymore asserts that the grievance procedure was frustrated when he was removed from the CDSOP program and transferred, but Seymore admits that to his knowledge his ability to file grievances or this lawsuit was never interfered with. In other words, he admits he never experienced a deprivation of his interests. This ground therefore lacks merit.

Second, Seymore asserts that he was denied due process when Joslyn filed a false and untrue misbehavior report against him. (*Id.* at 12.) The parties disagree about whether a misbehavior report was uttered against Seymore.[1] However, that

---

[1] The defendants state that "there is no record of any misbehavior report written by Defendant Joslyn or evidence that it was ever placed in his file." (Filing No. 35-3, at 5.) However, Seymore shows a document purporting to be just such a misbehavior report bearing what appears to be the signature of defendant Joslyn. (Filing No. 38, at 25.)

factual question need not be resolved at this time.  "The issuance of false misbehavior reports and provision of false testimony against an inmate by corrections officers is insufficient on its own to establish a denial of due process." *Mitchell v. Senkowski*, 158 Fed.Appx. 346, 349 (2d Cir. 2005) (citing *Boddie*, 105 F.3d at 862).  Therefore, even if a false misbehavior report against Seymore exists, that fact alone is not enough to support this claim.[2]  It will be be dismissed.

D. Equal Protection - Fourteenth Amendment

Seymore alleges that "Equal protection [sic] forbids the Defendant(s) from engaging in discriminatory or otherwise unequal treatment that is unjustified . . . ."  (Filing No. 1, at 9.)  He then makes several conclusory statements of law. However, Seymore asserts no facts and offers no evidence in support this cause of action.  Seymore's Equal Protection claim shall be dismissed.

E. Discrimination

Seymore also alleges that he was discriminated against "because he has been convicted of a sexual offense."  (Filing No. 1, at 11.)  However, "sex offenders are not a protected class" under the discrimination statutes.  *Levine v. Walmart Stores, Inc.*, 2008 WL 203658 (M.D.Pa. 2008).  Even if they were, Seymore offers no evidence of how other inmates who were not sex

_____

[2] The purported misbehavior report could, of course, be evidence in support of other claims, however.

offenders were treated.  Lacking merit, this claim will also be dismissed.

F. Retaliation for Muslim Religion[3] - First Amendment

Seymore argues that by suggesting that he fantasizes about having a homosexual relationship with a male DOCS employee that Joslyn retaliated against him for being a Muslim.  "In order to succeed on a retaliation claim, a plaintiff must establish that he engaged in protected conduct and that the 'protected conduct was a substantial or motivating factor in the prison officials' decision to discipline' him." *Barclay v. New York*, 477 F. Supp.2d 546, 558 (N.D.N.Y. 2007) (quoting *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir 2002)).  Seymore provides no direct or circumstantial evidence that Joslyn stated that he had a homosexual fantasy *because of* his exercise of his right to free exercise of religion.  Therefore, even if it is assumed that accusing an inmate of having a homosexual fantasy is a disciplinary action, Seymore cannot show that the free exercise of his religion was a substantial or motivating factor in bringing it about.  This absence of a connection between the protected conduct and the alleged disciplinary action is fatal to this claim, and it will be dismissed.

---

[3] This section does not apply to Seymore's claim for retaliation based upon his right to petition the government for redress of grievances.

-8-

G. Remaining Claims

With respect to the remaining claims in this case, the Court finds that genuine issues of material fact exist which preclude summary judgment. However, the Court also finds that each claim against defendant Lanaux is due to be dismissed and that therefore he should be terminated as a party defendant.

IV. CONCLUSION

For the reasons stated herein, the defendants' motion for summary judgment will be granted in part and denied in part. Accordingly,

IT IS ORDERED:

1) Defendants' motion for summary judgment (Filing No. 35) is granted in part;

2) Plaintiff's sexual harassment, procedural due process, equal protection, discrimination, and retaliation for Muslim religion claims are dismissed;

3) Defendant Ronald Lanaux is terminated as a party defendant herein;

4) Defendants' motion for summary judgment (Filing No. 35) is denied in all other respects.

DATED this 14th day of April, 2009.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court